Maunaloa T. AVERY; Herbert
B. Avery, M.D., Plaintiffs–
Appellants,

v.

GE AUTO INSURANCE PROGRAM;
American International Group, e/s/a
AIG Premier Insurance Company; In-
terinsurance Exchange of the Auto-
mobile Club; Permanent General As-
surance Corporation; United Auto
Credit Corp.; Stanley Spears, Defen-
dants–Appellees.

No. 06–55524.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2007.*

Filed July 16, 2007.

Maunaloa T. Avery, Los Angeles, CA,
pro se.

Herbert B. Avery, M.D., Los Angeles,
CA, pro se.

James L. Crandall, Genson, Even, Cran-
dall & Wade, Eric T. Lamhofer, Esq.,
Wolfe & Wyman, LLP, Irvine, CA, Chris
D. Greinke, Esq., Douglas M. McGrave,
Esq., Poliquin & DeGrave, Laguna Hills,
CA, for Defendants–Appellees.

Before: FARRIS, BOOCHEVER, and
LEAVY, Circuit Judges.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Dr. Herbert B. Avery and his wife Maunaloa T. Avery (the Averys) appeal pro se the district court's judgment dismissing the Averys' action for lack of jurisdiction over the subject matter, pursuant to Federal Rule of Civil Procedure 12(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court properly found that the Averys failed to allege federal jurisdiction based upon diversity of citizenship because plaintiffs and several defendants are citizens of California. *See* 28 U.S.C. § 1332(a); *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (holding that 28 U.S.C. § 1332(a) applies only when the state citizenship of each plaintiff is diverse from the citizenship of each defendant).

■ The district court also properly found no federal question jurisdiction because the Averys' action, which alleged breach of contract, breach of fiduciary duties, bad faith, unfair and deceptive practices, fraud on the court, malice, and failure to defend, does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nor does the district court have jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, because that statute does not provide the district courts with an independent basis for federal question jurisdiction. *Nationwide Mut. Ins. Co. v. Liberatore,* 408 F.3d 1158, 1161–62 (9th Cir.2005).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.